UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. ARTIS,
C/O COROLYN TAYLOR,

       Plaintiffs,

                              Case Number 4:26-CV-12289
                              Honorable F. Kay Behm

v.                              United States District Judge

CODY D. BYERS, et. al.,

       Defendants,

_____/

**OPINION AND ORDER DISMISSING LARRY ARTIS FROM THE CASE AND ORDERING COROLYN TAYLOR TO INFORM THE COURT WITHIN THIRTY DAYS WHETHER SHE WISHES TO REPRESENT <u>HERSELF AS PERSONAL REPRESENTATIVE IN THIS CASE</u>**

Larry E. Artis, ("Plaintiff"), residing in Jackson, Michigan, filed a civil rights complaint on behalf of Corolyn Taylor pursuant to 42 U.S.C. § 1983. Ms. Taylor is purportedly the personal representative for her now deceased son, Johnny Taylor, who died while in custody of the Michigan Department of Corrections. Mr. Artis is bringing this action on behalf of Ms. Taylor, claiming that he has a power of attorney from Ms. Taylor authorizing him to be her legal representative. The complaint alleges that Ms. Taylor's son died in prison because the defendants were deliberately indifferent to his medical issues. For the reasons that follow, Larry Artis is dismissed from the case. Plaintiff Corolyn Taylor shall inform the Court

1

within thirty days whether she wishes to represent herself as the Personal Representative of her son's estate.

Mr. Artis as a *pro se* litigant act cannot act as a legal representative for Ms. Taylor in this civil rights action. By definition, *pro se* means to appear on one's own behalf, thus, a person may not appear *pro se* on another person's behalf in the other party's cause of action. *Cavanaugh ex rel. Cavanaugh v. Cardinal Loc. Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), *abrogated on other grds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516 (2007).  Mr. Artis as a *pro se* litigant cannot represent Ms. Taylor in this action. *Bradley v. Mason*, 833 F. Supp. 2d at 768 (N.D. Ohio 2011) (State inmates proceeding *pro se* could not represent other inmates in court in civil rights action against jail officials, even if other inmates consented to their representation).

The fact that Mr. Artis has what purports to be a power of attorney signed by Ms. Taylor to authorize him to represent her in this Court does not alter this conclusion. Magistrate Judge Anthony P. Patti of this district, in a report and recommendation later adopted by this Court, rejected such an argument:

> Further, Plaintiffs have been informed that non-lawyer parents cannot represent their minor child. Plaintiffs' suggestion that they may represent Anne, or her "estate," because of a power of attorney is wrong. In this, they seem to conflate an *attorney in fact* (an agency status designating one to "transact business for another" that arises from a power of attorney) with an *attorney at law* (i.e., "someone who practices law; lawyer"). *See* "Attorney" and "Power of Attorney,"

2

Black's Law Dictionary (10th ed.) at 153, 1360. "A non-lawyer may not represent another non-lawyer in connection with a matter pending in federal court. *This is so even if such representation is purportedly authorized by a power of attorney or other agreement.*" *Brown v. Bobbett*, No. 20-1278-JDT-CGC, 2021 WL 982335, at *1 (W.D. Tenn. Mar. 16, 2021) (emphasis added) (citing *Ohio Nat'l Life Assurance Corp. v. Langkau*, No. 2007 WL 1951500, *1 (M.D. Fla. July 2, 2007) (non-lawyer may not represent an otherwise *pro se* litigant, even through a power of attorney); *DePonceau v. Pataki*, 315 F. Supp. 2d 338, 341 (W.D.N.Y. 2004) (power of attorney may not be used to evade prohibition against unauthorized practice of law); *Lutz v. Lavelle*, 809 F. Supp. 323, 325 (M.D. Pa. 1991) (party may not contract with a non-lawyer to represent him in legal proceedings in federal court); *see also Kapp v. Booker*, No. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006) (power of attorney gives wife legal standing to assert her husband's claims on his behalf, but "does not authorize her to practice law by representing [him] in a lawsuit: that must still be done by a licensed attorney.")). Moreover, a minor child lacks capacity to give "power of attorney" to anyone.

*Khatri Est. v. Dearborn Pub. Schs.*, No. 4:23-CV-12930, 2025 WL 2427196, at *9 (E.D. Mich. July 31, 2025), *report and recommendation adopted*, No. 23-CV-12930, 2025 WL 2408791 (E.D. Mich. Aug. 20, 2025), *appeal dismissed sub nom. Khatri v. Dearborn Pub. Sch. Dist.*, No. 25-2021, 2025 WL 4206269 (6th Cir. Dec. 23, 2025). Larry Artis is dismissed from the case.

If Ms. Taylor is the personal representative or executor of her son's estate, she would be able to maintain a Section 1983 action on behalf of the estate. *See Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612 (6th Cir. 2010) (State prisoner bringing *pro se* § 1983 action alleging Eighth Amendment and Fourteenth Amendment violations in connection with his wife's suicide, which occurred after

she was released on bond from a mental facility, sufficiently alleged that he was the legal representative of his wife's estate under Ohio law, as required to raise a claim based on a violation of his wife's constitutional rights). The current complaint does not have sufficient documentation to show that Ms. Taylor is the personal representative of her son's estate and in any event, this would still not permit Mr. Artis to represent Ms. Taylor in this action.

The Court orders Ms. Taylor to inform this Court within thirty days of the Court's order whether she wishes to represent herself in this action as personal representative of her son's estate and provide the proper documentation to show that she is the personal representative. If she fails to notify the Court by that date, the case will be dismissed.

**SO ORDERED**.

Date: July 13, 2026                  s/F. Kay Behm
                                     F. Kay Behm
                                     United States District Judge