UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY E. ARTIS,
C/O COROLYN TAYLOR,

Plaintiffs,

v.

Case Number 4:26-CV-12289
Honorable F. Kay Behm
United States District Judge

CODY D. BYERS, et. al.,

Defendants,
_______________________________________/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE**
**THE CIVIL RIGHTS COMPLAINT**

Larry E. Artis, ("Plaintiff"), filed a civil rights complaint on behalf of Corolyn Taylor pursuant to 42 U.S.C. § 1983. For the reasons that follow, the complaint is dismissed without prejudice.

Ms. Taylor is purportedly the personal representative for her now deceased son, Johnny Taylor, who died while in custody of the Michigan Department of Corrections. Mr. Artis brought the action on behalf of Ms. Taylor, claiming that he has a power of attorney from Ms. Taylor authorizing him to be her legal representative. The complaint alleges that Ms. Taylor's son died in prison because the defendants were deliberately indifferent to his medical issues. This Court originally dismissed Mr. Artis from the case because a *pro se* litigant cannot

represent other persons. Plaintiff Corolyn Taylor was ordered to inform the Court within thirty days of the order whether she wished to represent herself as the Personal Representative of her son's estate. *Artis c/o Corolyn Taylor, v. Byers*, No. 4:26-CV-12289, 2026 WL 2019625 (E.D. Mich. July 13, 2026).

On July 10, 2026, the Clerk of the Court sent both Plaintiffs a notice advising them of their duty to inform the Court of any change of address. (See ECF No. 4). That notice came back as undeliverable as to Plaintiff Taylor. (ECF No. 6).

The complaint is subject to dismissal for two reasons.

First, Plaintiff Taylor failed to keep this Court apprised of her address. Local Rule 11.2 provides a court in the Eastern District of Michigan the authority to dismiss a case for failure to keep the court apprised of address changes. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2.

This Court may also dismiss a civil action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *See Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir.

2001). Plaintiff Taylor had a duty to provide the Court with her current address or risk dismissal. *See Watsy v. Richards*, 816 F.2d 683 (Table); 1987 WL 37151 (6th Cir. Apr. 20, 1987). *Pro se* litigants have the same obligation as an attorney to notify the court of a change of address. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). "'[Petitioner] has the duty to inform the court of any address changes,' and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." *Thompkins v. Metrish*, No. 2:07–CV–12; 2009 WL 2595604, * 1, n. 1 (W.D. Mich. Aug. 20, 2009) (quoting *Kelly v. Wal–Mart, Inc.*, No. 7:07–CV–0089; 2007 WL 2847068, at *1 (N.D.N.Y. Sept. 26, 2007)).

Plaintiff Taylor has not provided the Court with her current address or contact information. The Court will therefore dismiss the case without prejudice for want of prosecution because Taylor failed to notify this Court of any address changes. *See Rollins v. Superior Court of Los Angeles*, 706 F. Supp. 2d 1008, 1013-14 (C.D. Cal. 2010); *Alam v. Carvajal*, No. 5:20-CV-11407, 2020 WL 4583837, at * 2 (E.D. Mich. Aug. 10, 2020); *Brown v. White*, No. 2:09-CV-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010).

The Court also dismisses the complaint because Plaintiff Taylor failed to notify this Court within 30 days of the Court's order whether she wished to represent herself *pro se* as the personal representative of her son's estate. That order warned Plaintiff Taylor that if she failed to so inform the Court in a timely

manner, the case would be dismissed. (ECF No. 5, PageID.17). The 30-day deadline has passed and accordingly, dismissal on this ground is appropriate.

A district court has the option of the less drastic sanction of dismissing a case without prejudice for want of prosecution under Fed. R. Civ. P. 41(b). *See e.g. White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002); *Hill v. General Motors Corp,* 897 F.2d 529 (Table); 1990 WL 25065, * 3, n. 2 (6th Cir. March 8, 1990). This Court chooses to dismiss the complaint without prejudice.

The Court summarily dismisses the civil rights complaint without prejudice. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed.

**SO ORDERED.**

Dated: August 13, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge